BROOKE, P.,
delivered the opinion of the court. This is an action on a bond of indemnity, entered into by the appellant and his co-obligors, to indemnify Braxton Harrison, for delivering up six slaves, the property of his two wards, Emery and John Thompson, to John, against the claim of Emery, who was out of the country, and of those representing him in case oí his death. The condition of the bond is awkwardly expressed ; but it is susceptible of this construction only, upon due attention to the nature of the transaction, and the object of the parties.
The defendant put in a general demurrer to the declaration, and the plea of conditions performed.
The first assignment of a breach in the declaration, conforms with the words of the condition of the bond, and not the substantial meaning of it; and, if taken literally, is a felo de se ; because if found to be true by the jury, it would avoid the bond and defeat the action. But the second assignment of a breach of the condition, is substantially good : it corresponds with the evident intention of the parties, in the construction it gives to the condition ; and though somewhat informal, is good on general demurrer. The objection, that this assignment of a breach is bad, because the proper parties were not before the court of chancery when it made the decree therein relied on as a breach of the condition of the bond, has nothing in it; since, though there may have been error in the decree, it cannot be availed of by impeaching it here. Nor is the last objection to the declaration more sound: that it does not allege a special request to the defendant to indemnify according to the condition of his bond. Where a defendant has contracted to do a thing, upon the performance of an act by a stranger, notice need not be averred in the declaration, for it lies in the defendant’s knowledge as much as the plaintiff’s, and he ought to take notice at his peril; and, on the same principle, if one *be bound to another to indemnify him against the acts of a third person, no notice of those acts need be averred. 1 Chitt. plead. 320, 321 ; 1 Wms. Saund. 117, note 2, and the cases there cited.
There is no error in the opinions of the circuit court, given at the trial of the issue, and excepted to by the appellant. It must be taken, that the plaintiff Poythress paid the money due on the decree of Harwood and wife, against Minge as the executor of Harrison, as Minge’s agent, out of the assets of Harrison’s estate, which, though then in the hands of Poythress as the administrator de bonis non, were liable to satisfy the decree against Minge the executor. And as the decree was satisfied out of Harrison’s estate, Poythress his administrator de bonis non is entitled to recover the indemnity in this action.
The judgment is to be affirmed.